# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. LUSTER, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1074 |
| L. J. ODDO, WARDEN, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### JULY 12, 2017

## I. BACKGROUND

David A. Luster, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden L. J. Oddo. The required filing fee has been paid.

Petitioner was indicted by a grand jury in the United States District Court for the Middle District of Georgia on a charge of aggravated bank robbery. Luster was subsequently convicted of that offense and is presently serving an enhanced sentence under the Armed Career Criminal Act (ACCA) imposed on April 1, 2004. *See* Doc. 1, ¶ 4.

In his pending action, Petitioner claims that the Federal Bureau of Prisons (BOP) was precluded from implementing the Inmate Financial Responsibility Program (IFRP) in his case because "he is actually innocent of a crime of violence." *Id.*, ¶ 5. The petition notes that because the landscape of the law has substantively changed since his conviction as a result of the principles announced in cases such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000)[1] and *Johnson v. United States*, 135 S. Ct 2551 (2015), his original conviction is unconstitutional and the taking of his funds via the IFRP constitutes extortion by the BOP.[2]

Petitioner explains that his underlying "charging document" did not provided adequate notice of his criminal charges because it failed to expressly mention use, attempted use, threatened use of physical force in seeking an enhanced sentence under the ACCA. Doc. 2, p. 2.

As relief, Petitioner asks that his judgment of sentence be set aside and remanded for resentencing and that he be provided with reimbursement of funds

---

[1] *Apprendi* recognized that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Apprendi* is not retroactive to cases on on collateral review. *In Re: Turner*, 267 F.3d 225, 231 (3d. Cir. 2001); *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000)(Supreme Court has not recognized that *Apprendi* may be applied retroactively).

[2] *Johnson* recognized that imposing an enhanced sentence under the ACCA's residual clause violated the constitutional right to due process. It has been recognized that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *See Welch v. United States*, __ U.S. ___, 136 S. Ct. 1257 (2016).

taken from his inmate account under the IFRP.

It is initially noted that this is the second § 2241 action filed by Luster with this Court in 2017. Petitioner's earlier action, *Luster v. Oddo, 17-CV- 684,* similarly challenged the legality of his underlying criminal indictment on the basis that it did not explicitly express the essential facts of the criminal charges. Luster's earlier case was transferred to the sentencing court for consideration of his *Johnson* based argument on May 25, 2017. This one will be as well.

## II. DISCUSSION

### A. *Standard of Review*

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is

frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Prisoners may bring habeas corpus petitions to attack either the fact or duration of their confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir.), *cert. denied*, 510 U.S. 920 (1993). However, federal habeas corpus relief is only available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

*B.     IFRP*

The IFRP encourages federal prisoners to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

The United States Court of Appeals for the Third Circuit has recognized that an IFRP related claim sounds in habeas corpus. *See Pinet v. Grondolsky*, 345 Fed. Appx. 805, 806 (3d Cir. 2009)(when an inmate "challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition."); *Millegan v. Martinez*, 2010 WL 174873 *1 (M. D. Pa. Jan. 12, 2010)(Caputo, J.). Accordingly, this Court concurs that claims regarding implementation the IFRP are properly raised under § 2241.

However, the Third Circuit has recognized that the IFRP is constitutional. *See Pinet* 345 Fed. Appx. at 807(reaffirming the constitutionality of the IFRP); *James v. Quinlan*, 866 F.2d 627, 630-31 (3d Cir. 1989). Thus, since those determinations by the Third Circuit are binding on this Court, any present claim by Petitioner that the BOP's IFRP policy is unconstitutional lacks arguable merit. Likewise, the BOP is not precluded under its IFRP regulations from setting a payment schedule to satisfy a fine that was due to be paid immediately. *Pinet* 345 Fed. Appx. at 807.

There is a vague indication in the petition that the IFRP was implemented in Luster's case because he was ordered to pay restitution pursuant to the Mandatory Victim's Restitution Act of 1996 (MVRA). . *See* Doc. 1, ¶ 5. There is no allegation by Petitioner that the sentencing court failed to set up a payment

schedule or that there was an impermissible delegation of authority to the BOP.

Rather, based upon a review of the petition, Luster's sole discernible IFRP related claim is that he should not have been deemed qualified for IFRP participation because he is actually innocent of a crime of violence. As such, Luster is not challenging the BOP's implementation of the IFRP but rather is simply raising a second challenge to the legality of his underlying federal criminal sentence; he is not seeking relief with respect to the execution of his sentence.

C. *Resentencing*

With respect to Petitioner's request for resentencing and related arguments challenging the legality of his ongoing federal sentence, any contention by Luster that this Court has jurisdiction over such § 2241 claims by virtue of his ongoing detention at USP-Allenwood is not viable. As previously discussed by this Court in addressing Luster's earlier action, a federal prisoner challenging the validity of a federal sentence is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Section 2241 relief is only available if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255,

known as the safety-valve clause, is strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

Luster solely challenges the validity of his 2004 sentence which was imposed by the Middle District of Georgia and not the BOP's execution of the IFRP. Consequently, Petitioner must follow the requirements of § 2255. Luster's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding.

In order to entertain a § 2241 challenge to a federal conviction and sentence, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008).

Petitioner's prior § 2241 action was transferred by this Court to the Middle District of Georgia so that it could address the validity of Luster's *Johnson* based argument. In so doing, this Court followed the approach taken by *Wood v. Maiorana*, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) (Caputo, J.) and *Ruiz v. Ebbert*, 2015 WL 5997105 (M.D. Pa. Oct. 14, 2015)(Conaboy, J.) which recognized that since § 2255 plainly provides an avenue for litigating the merits of a *Johnson* based sentencing claim, such an argument should be addressed by the sentencing court. The case will therefore be transferred accordingly.

An appropriate Order follows.

BY THE COURT:

*s/ Mathew W. Brann*
Matthew W. Brann
United States District Judge