# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DAVID ANTOINE LUSTER, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:17-cv-00264-CAR-CHW |
| L J ODDO, | : | |
| Respondent. | : | |

## ORDER

Petitioner DAVID ANTOINE LUSTER, an inmate confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania, paid the $5.00 filing fee and filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. ECF No. 1. Petitioner also filed a memorandum in support of his petition. ECF No. 2. The Middle District of Pennsylvania subsequently transferred Petitioner's case to the Middle District of Georgia. ECF No. 5, 6. After reviewing the petition and Petitioner's litigation history, the Court determines that this action must be **DISMISSED** for lack of jurisdiction.

### I. Current 28 U.S.C. § 2241 Petition and Transfer to this Court

In his Petition, Petitioner asserts that he was convicted and sentenced in the Middle District of Georgia and that his sentence mandates his participation in the Inmate Financial Responsibility Program ("IFRP") pursuant to 18 U.S.C. § 3663A(a)(1), (c), which requires a person convicted of "a crime of violence" to make restitution to the victim of his crime. *See* ECF No. 1 at 1-2. Petitioner contends that the indictments in his criminal cases failed to allege the "use, attempted use, or threatened use of physical force," and thus, that they

were insufficient to subject him to participation in the IFRP. ECF No. 2 at 2. Petitioner states that this argument would have been considered "frivolous" before the "legal landscape" was substantially changed by four Supreme Court decisions: *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Johnson v. United States*, 559 U.S. 1333 (2010); *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 1 at 2; ECF No. 2 at 3.

Based on these statements, the District Court for the Middle District of Pennsylvania determined that Petitioner's only available method for seeking relief was through a petition for habeas corpus under 28 U.S.C. § 2255, which had to be presented to the sentencing court. ECF No. 5 at 6-7. Thus, the Pennsylvania District Court transferred Petitioner's petition to this Court. *Id.* at 8.

## II. Conviction and Previous Litigation in this Court

Petitioner's petition is now before this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 is applicable to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner was charged in five separate indictments with eight counts of bank robbery and five counts of carrying a firearm during a crime of violence. *See United States v. Luster*, 5:03-cr-52-CAR (M.D. Ga.); *United States v. Luster*, 5:03-cr-98-CAR

2

(M.D. Ga.); *United States v. Luster*, 5:03-cr-99-CAR (M.D. Ga.); *United States v. Luster*, 5:03-cr-100-CAR (M.D. Ga.); *United States v. Luster*, 5:03-cr-105-CAR (M.D. Ga.). On April 1, 2004, Petitioner pled guilty to eight counts of bank robbery and two counts of using or carrying a firearm during a crime of violence, and he is currently serving a total of 535 months in prison. ECF No. 44, 47, 80 in *United States v. Luster*, 5:03-cr-52-CAR (M.D. Ga. Sept. 9, 2009).

Petitioner filed a direct appeal, and the Eleventh Circuit affirmed his conviction and sentence on January 10, 2005. ECF No. 56 in *United States v. Luster*, 5:03-cr-52-CAR (M.D. Ga. Feb. 9, 2005). Moreover, Petitioner has filed at least five 28 U.S.C. § 2255 motions challenging his conviction or sentence. *See* ECF No. 57, 104, 110, 113, & 119 in *United States v. Luster*, 5:03-cr-52-CAR (M.D. Ga.). Additionally, Petitioner has, on numerous occasions, requested the Eleventh Circuit to authorize the district court to consider a second or successive § 2255 petition. His criminal docket currently shows ten orders from the Eleventh Circuit denying these requests. ECF No. 102, 112, 116, 117, 121, 122, 125, 127, 128, & 129 in *United States v. Luster*, 5:03-cr-52 (M.D. Ga.).

### III. This Court's Lack of Jurisdiction

As the District Court for the Middle District of Pennsylvania recognized, collateral attacks on the validity of a federal conviction or sentence must generally be raised in a motion brought under 28 U.S.C. § 2255. ECF No. 5 at 6-7; *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). If, however, this Court treats Petitioner's current petition as a motion under § 2255, the Court does not have jurisdiction because the Eleventh Circuit has not granted Petitioner permission to file a second or successive § 2255 motion. *See* 28

U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

This Court also does not have jurisdiction to consider a § 2241 petition for two reasons. First, the Court does not have jurisdiction over respondent L. J. Oddo, the warden at Allenwood United States Penitentiary in White Deer, Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Second, the Eleventh Circuit recently overruled its prior precedents and established a new test for determining when a prisoner can proceed with a § 2241 petition. *McCarthan v. Dir. Of Goodwill Indus.-Suncoast*, 851 F.3d 1076 (11th Cir. 2017) (en banc). The saving clause in 28 U.S.C. § 2255(e) allows a § 2241 petition when a motion under § 2255 is "inadequate or ineffective to test the legality of . . . detention." After *McCarthan*, the only consideration is whether the prisoner could have brought the type of claim he is raising in his § 2241 petition in a motion to vacate under § 2255. *McCarthan*, 851 F.3d at 1089. If he could have raised the claim in a § 2255 motion, the district court does not have jurisdiction to consider the claim in a § 2241 petition. *Id.*; *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013) ("[W]e are compelled to conclude that the saving[] clause is a limitation on jurisdiction."), *overruled on other grounds by McCarthan*, 851 F.3d at 1096. "[A]ny 'cognizable claim] that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Donaldson v. Warden, FCI Coleman Medium*, --- F. App'x ---, 2017 WL 2814355, at *1 (11th Cir. Apr.

18, 2017) (per curiam) (quoting *McCarthan*, 851 F.3d at 1089). The Eleventh Circuit specifically held "that a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *McCarthan*, 851 F.3d at 1080 (quoting 28 U.S.C. § 2255(e)). Thus, because Petitioner's claims "could have been brought in a § 2255 motion to vacate, he has not met [the Eleventh Circuit's] requirements for the § 2255(e) saving clause necessary to bring a § 2241 petition."[1] *Donaldson*, 2017 WL 2814355, at *1.

For these reasons, this Court does not have jurisdiction to consider Petitioner's § 2241 petition, regardless of whether it is construed as a motion brought under 28 U.S.C. § 2255 or a petition filed under § 2241.[2] The action is, therefore, **DISMISSED** for lack

---

[1] Not only could Petitioner bring his claims in a motion to vacate under § 2255, he did bring these claims in his previous § 2255 motions and his applications to the Eleventh Circuit seeking permission to file second or successive § 2255 motions. *See United States v. Luster*, 3:05-cr-52 (M.D. Ga.) at ECF No. 102 at 2 ("Luster asserts that both his claims rely upon a new rule of constitutional [law], the Supreme Court's decision in *Alleyne v. United States* . . . ."); ECF No. 110 at 1 (Petitioner "moves this Court to set aside the judgment in this case and correct his sentence . . . in light of *Johnson v. United States* . . . ."); ECF No. 112 at 2 ("Luster asserts that both his claims rely upon a new rule of constitutional law as set out in *Johnson v. United States* . . . ."); ECF No. 113 at 1 (Petitioner seeks review based on *Johnson v. United States*); ECF No. 117 at 3 ("Luster's *Johnson*-based claims must be dismissed because he raises the same claims in the instant application that were raised and rejected in his prior applications."); ECF No. 119 at 1 ("Motion to vacate plea, set aside or remand due to intervening change in law under *Johnson v. United States* . . . ."); ECF No. 121 at 2 ("Luster asserts each of his three claims rely upon *Johnson v. United States* . . . ."); ECF No. 122 at 2 ("Luster asserts each of his two claims rely upon *Johnson v. United States* . . . ."); ECF No. 125 at 2 ("Luster asserts each of his claims rely upon *Johnson v. United States* . . . ."); and ECF No. 127 at 2 ("Luster asserts that his claim relies on *Johnson v. United States* . . . .").

[2] A dismissal for lack of subject matter jurisdiction does not constitute a final order for purposes of 28 U.S.C. § 2254(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Instead, it is a "final decision" under 28 U.S.C. § 1291. *Id.* The Court, therefore, need not address whether a certificate of appealability should issue. *Id.*; *Bollin v. Sec'y Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016).

of jurisdiction.

**SO ORDERED**, this 31st day of August, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT