# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

DAVID ANTOINE LUSTER, :
:
        Petitioner, :
:
vs. :
: NO. 5:17-cv-00264-CAR-CHW
:
L J ODDO, :
:
        Respondent. :
_____ :

## ORDER

Petitioner David Antoine Luster has filed an application to appeal *in forma pauperis*. Motion for Leave to Appeal *In Forma Pauperis*, ECF No. 12. After reviewing the record, the Court enters the following Order.

On August 31, 2017, this Court dismissed Petitioner's petition for writ of habeas corpus because Petitioner failed to obtain leave from the Eleventh Circuit to file a second or successive habeas petition. Order Dismissing Pet. for Writ of Habeas Corpus, ECF No. 9. Judgment was entered on September 1, 2017. Judgment, ECF No. 10. Petitioner seeks to appeal the judgment. Notice of Appeal., ECF No. 11.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and

affiant's belief that the person is entitled to redress.
. . .
(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

>    (A) shows . . . the party's inability to pay or to give security for fees and costs;
>    (B) claims an entitlement to redress; and
>    (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Petitioner's application and certified trust fund account statement in this case indicate that he is unable to pay the $505 appellate filing fee. *See* Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 12.

Next, the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotation marks omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)

("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925.

In his Notice of Appeal and Motion for Leave to Appeal *In Forma Pauperis*, Petitioner asserts that the issues he raised in his habeas petition with regard to his conviction and sentence present debatable issues for appeal. Notice of Appeal, ECF No. 11; Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 12. Petitioner does not, however, address the jurisdictional grounds on which his Petition was dismissed. Thus, the issues Petitioner seeks to raise would not provide a basis for reversal of this Court's dismissal of the petition.

Moreover, this Court's independent review of the record demonstrates that, with regard to the jurisdictional issue, Petitioner's appeal is frivolous. Petitioner has filed at least five previous habeas petitions challenging his conviction and sentence. *See* Order Dismissing Pet. for Writ of Habeas Corpus 3, ECF No. 9. Petitioner did not, however, obtain leave from the Eleventh Circuit before he filed the current Petition. This Court, therefore, did not have subject matter jurisdiction to entertain his petition and dismissed the petition without prejudice. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). There are no issues with arguable merit for Petitioner to raise on appeal, and the appeal, therefore, is not taken in good faith.

Consequently, Petitioner's application to appeal *in forma pauperis* is **DENIED**.

If Petitioner wishes to proceed with his appeal, he must pay the entire $505

appellate filing fee. Because Petitioner has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Petitioner is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Petitioner's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Petitioner is incarcerated.

**SO ORDERED**, this 3rd day of October, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT